**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DOMINIC T. COMBS, Jr., #446652,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-00071-JPG** |
| | ) | |
| **RICHARD WATSON and WEXFORD HEALTH SOURCES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Dominic Combs, a detainee at St. Clair County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied dental care for a broken tooth at the Jail. (Doc. 1, pp. 1-10). As a result, he has suffered pain for more than a year. (*Id*.). He seeks money damages and injunctive relief.[1] (*Id*. at 6).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff seeks an order requiring Wexford to take inmate dental issues more seriously, and he seeks an appointment for dental care. (Doc. 1, p. 6). The Court construes this as a request for injunctive relief *at the close of the case*. If Plaintiff seeks interim relief in the form of a temporary restraining order ("TRO") and/or a preliminary injunction, however, he may file a separate Motion for TRO and/or Preliminary Injunction under Federal Rule of Civil Procedure 65(a) or (b). In the motion, he should describe the exact relief he seeks and briefly state each of the reasons he is entitled to the relief. Plaintiff may file a motion seeking interim relief at any time during the pending action.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 5): Plaintiff fractured a tooth in January 2020. Since that time, he has suffered from intermittent, agonizing pain. He has submitted numerous sick call slips seeking dental care. An unknown medical technician (John Doe) prescribed Plaintiff ibuprofen for pain and antibiotics for infection in April 2020. Thereafter, he was seen occasionally for follow-up care. When he complained that the medication was not working at an appointment with another unknown medical technician (Sheri) on November 1, 2020, she asked Plaintiff what he wanted her to do about it. Although Plaintiff was placed on the waiting list the same day, he has still not seen a dentist. (*Id*.).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment claim against Defendant Richard Watson and Wexford Health Sources for denying Plaintiff adequate dental care at the Jail for a tooth that broke in January 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Because Plaintiff was a pretrial detainee when his claim arose, Count 1 is governed by the Fourteenth Amendment Due Process Clause. A Fourteenth Amendment claim challenging the denial of medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable," an inquiry which requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id.*

Plaintiff does not mention either defendant in the statement of his claim. He lists Sheriff Watson and Wexford as defendants in the case caption, but he omits all reference to these defendants in the body of his Complaint. Merely naming a defendant in the case caption or the list of defendants is not enough to state a claim against the defendant. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Id*. at 991. In the case of a private corporation like Wexford, liability attaches when a policy or custom of the corporation actually caused the constitutional violation. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Because Plaintiff mentions neither defendant and fails to explain how either violated his constitutional rights, Count 1 does not survive Section 1915A review and shall be dismissed without prejudice.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. A district court presented with a request for counsel by a *pro se* prisoner litigant must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and, if so, determine whether the complexity of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

Plaintiff has not demonstrated reasonable efforts to locate counsel on his own or shown that he is effectively precluded from finding counsel. Plaintiff simply states that he is unable to afford an attorney. To satisfy the first *Pruitt* requirement, he must produce evidence of his actual efforts to find counsel before the Court will consider recruiting an attorney for him.

In addition, Plaintiff has not satisfied the second *Pruitt* requirement because he has not demonstrated the need for court-recruited counsel. Plaintiff's complaint, pleadings, and allegations are well-organized and coherent. He presents a single, straightforward dental claim against two defendants. He cites no impediments to proceeding without counsel. Given these considerations, the motion is denied. However, Plaintiff may renew his request by filing a new motion as the case proceeds.

## **Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 19, 2021**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-cv-00071-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering

the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A. To ensure his ability to comply with this Order, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/20/2021**

s/J. Phil Gilbert
**J PHIL GILBERT**
**United States District Judge**