IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIC T. COMBS, Jr., #446652, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00071-JPG |
| | ) |
| RICHARD WATSON, | ) |
| DR. MARCOWITZ, | ) |
| MED TECH SHERRI, and | ) |
| WEXFORD HEALTH SOURCES, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Dominic Combs. (Doc. 13). There, Plaintiff claims he was denied dental care for a broken tooth during his pretrial detention at St. Clair County Jail. (*Id*.). He seeks money damages. (*Id*. at 10).

The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 13, pp. 7-9): Plaintiff fractured a tooth in January 2020. He has suffered intermittent, agonizing pain ever

1

since.  Plaintiff submitted numerous sick call slips seeking dental care for the broken tooth and complaining of excessive pain.  (*Id*. at 7).  In April 2020, an unknown medical technician (Med Tech Jane Doe)¹ prescribed Plaintiff ibuprofen for pain and antibiotics for infection.  (*Id*.).  Thereafter, he was seen occasionally for worsening toothaches.  (*Id*.).

On November 1, 2020, Plaintiff submitted another sick call request complaining of persistent dental pain.  A day later, Med Tech Sherri met with him to discuss the issue.  (*Id*.).  When he told her that the ibuprofen was not working and requested dental care, Sherri asked Plaintiff what he wanted her to do about it, and she did nothing.  (*Id*.).  Plaintiff was later informed that he would be placed on the waiting list for tooth extraction.  (*Id*.).  After more than a year, Plaintiff's tooth has not been treated or extracted.  (*Id*.).  He also has not been seen by an outside doctor.  (*Id*.).  In addition to Med Tech Sherri, Plaintiff names Dr. Marcowitz, Sheriff Richard Watson, and Wexford Health Sources, Inc. for the denial of dental care.  (*Id*. at 8-9).

## Discussion

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* First Amended Complaint:

> **Count 1:**   Fourteenth Amendment claim against Defendants for denying Plaintiff adequate dental care at the Jail for a tooth that broke in January 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.²**

---

¹ Plaintiff did not name Med Tech Doe as a defendant in this action, and he brings no claims against this individual.  Therefore, all claims against Med Tech Doe should be considered dismissed without prejudice.
² *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

A Fourteenth Amendment claim challenging the denial of medical care involves two inquiries focusing, first, on "the intentionality of the individual defendant's conduct" and "ask[ing] whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The Court next asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care." *Id*.

The allegations articulate a claim against Med Tech Sherri under this standard. Med Tech Sherri responded to Plaintiff's complaints of persistent pain associated with his broken tooth and ineffective pain treatment by taking no action at all or by placing him on a waiting list for dental care he never received. (*Id*. at 7-8). These allegations suggest that her response was objectively unreasonable. Count 1 shall receive further review against Med Tech Sherri.

Dr. Marcowitz, Sheriff Watson, and Wexford shall be dismissed because it appears that all three were named in this action based entirely on their supervisory roles over Med Tech Sherri. Section 1983 liability hinges on personal participation or involvement in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). It creates a cause of action based on personal liability and predicated upon fault. *Id*. The doctrine of *respondeat superior* is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). A defendant cannot be held liable for a constitutional deprivation caused by a subordinate simply because of that defendant's supervisory position. Plaintiff must name the individuals who were actually involved in or responsible for the deprivation of his rights and describe what act or omission of each defendant violated his rights.

Moreover, Plaintiff's vague reference to policies, customs, or practices of ignoring inmate medical complaints or elevating concerns of cost over care of inmates supports no claim against these defendants—absent factual allegations suggesting that these policies, customs, or practices actually *caused* the constitutional deprivation at issue. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff draws no causal connection here, and he cannot state a claim by relying entirely on bald or conclusory assertions of a constitutional deprivation against these officials. Accordingly, Count 1 shall be dismissed without prejudice against them.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 13) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendant **MED TECH SHERRI**, but this claim is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **DR. MARCOWITZ, RICHARD WATSON,** and **WEXFORD HEALTH SOURCES.**

**IT IS ORDERED** that Defendant **RICHARD WATSON** shall remain named as a defendant, in his official capacity only, for the sole purpose of identifying Med Tech Sherri with particularity; once she is identified, Defendant Richard Watson may seek dismissal from this action by filing a motion.

**The Clerk's Office is DIRECTED to TERMINATE Dr. Marcowitz and Wexford Health Sources as defendants in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **MED TECH SHERRI** (individual capacity only) and **RICHARD WATSON** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2)

Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 13), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiffs.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Sherri is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 13) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant Sherri need only respond to the issues in this Merits Review Order.  Defendant Watson need only file an appearance.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 5/21/2021**                                         s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiffs are advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**