UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOMONIC T. COMBS, JR.,

    Plaintiff,

v.

RICHARD WATSON et al.,

    Defendants.

Case No. 3:21-cv-00071-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Dismiss for Lack of Prosecution (Doc. 60). The only remaining defendant, Sheri McLeod, submitted her motion on April 2, 2024. Observing that the Plaintiff has not responded to any correspondence related to this case for five months, the Court **GRANTS** the motion and hereby **DISMISSES** this case without prejudice for lack of prosecution.

At all relevant times, the Plaintiff was detained at St. Clair County Jail in Belleville, Illinois. (Doc. 14). At some point in 2020, Combs began suffering from tooth pain. (Docs. 13, 55).[1] He was prescribed antibiotics and Ibuprofen. (Doc. 13). Combs's pain continued to worsen and eventually Combs was placed on a waitlist to have his tooth pulled. (*Id*.). In late 2021, Combs was seen by a dentist on-site that recommended tooth extraction. (Doc. 55). In March, 2022, Combs was seen by an off-site dentist that revealed more issues and a surgery was performed on April 28, 2022. (*Id*.).

Combs filed this lawsuit on January 19, 2021. (Doc. 1). Per his amended complaint, the Plaintiff sued the Sheriff, Richard Watson, in his individual and official capacity; as well as

---

[1] The parties disagree over when the pain developed and its cause. (Doc. 13, 55).

Wexford Health Sources, Inc., Dr. Marcowitz, and McLeod, solely in their official capacities. (Doc. 13). Only the claims against McLeod survived screening. (Doc. 14).

On September 15, 2023, the McLeod filed a Motion for Summary Judgment, Memorandum in Support, and Rule 56 Notice. (Docs. 54-56). Six days later, on September 21, 2023, McLeod's filings were returned as undeliverable. (Doc. 58). On that same day, Combs filed a notice of change of address, (Doc. 57), and, on September 22, 2023, McLeod sent the relevant filings to Combs's new address. (Doc. 58). The filings sent to his new address were not returned as undeliverable. (*Id.*).

By November, Combs had still not responded to the motion for summary judgment. Accordingly, on November 10, 2023, McLeod filed a Notice of Service and a Request for Order to Show Cause. (Doc. 58). On February 8, 2024, the Court ordered Combs show cause as to why this case should not dismissed for lack of prosecution. (Doc. 59). Combs's response to that order was due no later than March 6, 2024. (*Id.*). Nearly thirty days after the deadline expired to respond to the order expired, on April 2, 2024, McLeod filed a Motion to Dismiss for Lack of Prosecution. (Doc. 60). In that motion, McLeod states that Combs has not filed anything with the Court since his Notice of Change of Address five months earlier, (Doc. 57), and that the deadline for both responding to the motion for summary judgment and / or the order to show cause had long expired. (*Id.*).

When a party has routinely failed to comply with deadlines and court orders "[t]he overriding principle at stake [is] the district court's ability to mitigate the scourge of litigation delays by setting deadlines to force parties and their attorneys to be diligent in prosecuting their causes of action." *Raymond v. Ameritech Corp.*, 442 U.S. 600, 606-07 (7th Cir. 2006) (internal citations and quotations omitted). "A court may infer a lack of prosecutorial intent from such

factors as the withdrawal of an attorney, the failure to appear at a scheduled hearing, and a failure to appear on time." *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) (citations omitted). When a party manifests a lack of prosecutorial intent, "[a] dismissal for lack of prosecution is appropriate when there is 'a clear record of delay or contumacious behavior.'" *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987) (quoting *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) and *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

"District courts have inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute." *Daniels v. Brennan*, 887 F.2d 783 (7th Cir. 1989).

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
>
> *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

Here, the Plaintiff has had no correspondence with the Court nor filed anything in this case since September when he updated his address. (Doc. 57). The very next day, the Defendant promptly sent their motion for summary judgment, their memorandum in support, and a Rule 56 notice to the Plaintiff's new address. (Doc. 58). Per Local Rules, Combs had thirty days to respond to McLeod's motion. S.D. Ill. Local Rule 7.1(b)(1)(A). However, the deadline to respond, October 22, 2023, passed without a response. The Court ordered Combs to show cause as to why this case should not be dismissed for lack of prosecution, no later than March 6, 2024. Combs missed this deadline as well.

This matter has been pending for over three years and Combs's delays in responding to McLeod's motion for summary judgment have unnecessarily delayed this case for months. The Court has given Combs multiple opportunities to respond and has accorded him far more time

than required by the local rules. Often, when one party suddenly becomes nonresponsive, there is a question of whether the nonresponsive party has moved, not received mail, is unaware of the state of their lawsuit, or unaware that they have a continuing obligation to update the Court as to their mailing address. That is not the case here. At no point did the Court receive any indication that Combs had not received the filings or the order to show cause. While Combs is pro se, he has demonstrated that he is fully aware of his obligation to keep his address updated, how to properly notify the Court if his address changed, and provided an updated address that McLeod used the very next day to serve him with the relevant documents. Beyond demonstrating a clear record of delay, Combs's actions manifest a lack of prosecutorial intent and contumacious behavior.

### CONCLUSION

The Court, observing a clear record of delay, finds that the Plaintiff has exhibited contumacious behavior manifesting a lack of prosecutorial intent. Accordingly, the Court **GRANTS** McLeod's Motion to Dismiss for Lack of Prosecution (Doc. 60) and hereby **DISMISSES** this case without prejudice.

IT IS SO ORDERED.
DATED:  April 10, 2024

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT
DISTRICT JUDGE**